IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01633- RBJ-NYW

THE FOURTH CORNER CREDIT UNION,
a Colorado state-chartered credit union,

        Plaintiff,

v.

FEDERAL RESERVE BANK OF KANSAS CITY,

        Defendant.

---

**DEFENDANT'S MOTION TO STRIKE AFFIDAVITS ATTACHED TO PLAINTIFF'S SUMMARY JUDGMENT REPLY MEMORANDUM**

---

Defendant Federal Reserve Bank of Kansas City ("the Bank") moves the Court to strike the two affidavits attached to Plaintiff Fourth Corner Credit Union's ("TFCCU") Reply Memorandum to Plaintiff's Motion for Summary Judgment. Undersigned counsel has conferred with opposing counsel with respect to this motion and represents that TFCCU objects to the relief sought.

**I.    BASIS FOR REQUEST.**

A decision whether to grant or deny a motion to strike lies "within the sound discretion of the district court." *Fed. Deposit Ins. Corp. v. Isham*, 782 F.Supp. 524, 530 (D.Colo.1992). The Court should exercise its discretion here for two reasons. First, TFCCU violated F.R.C.P. 6 by attaching affidavits to a reply where the Bank would not have an opportunity to respond. Second, the lengthy affidavits (seven pages long for Ms. O'Gorman and four pages for Mr.

Goldfogel) go beyond mere facts to make arguments about the merits of the case—effectively circumventing the Court's strict ("I really do mean") five-page limit on the length of reply briefs. *See* Practice Standards for Judge Brooke Jackson at 2. In addition, submitting purported factual affidavits in a reply supportive of a motion for summary judgment serves no purpose because such affidavits only emphasize factual disputes, the existence of which preclude summary judgment in TFCCU's favor.

    **A.    TFCCU violated Rule 6 by attaching affidavits in a reply.**

There is no rule which provides for attaching new evidentiary affidavits in a reply in support of summary judgment. To the contrary, Rule 6(c)(2) specifically provides that "any affidavit supporting a motion *must be served with the motion.*" F.R.C.P.6(c)(2) (emphasis added). "The language of the rule is clear. Affidavits in support of a motion must be served with the motion." *In re Stone*, 588 F.2d 1316, 1321 (10th Cir. 1978).

The purpose of the Rule 6(c)(2) requirement is to prevent the moving party from springing new facts on the nonmoving party when it is too late to contest them. *Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 903 (S.D. Ohio 2003) (but declining to strike because challenged affidavits were not supportive of the pending motion). Under circumstances where a moving party seeks to introduce new evidentiary material in support of a motion after the opposing party's last opportunity to review and respond, a trial court should not consider the material. *See Doebele v. Sprint/United Management Co.*, 342 F.3d 1117 n. 13 (10th Cir. 2003) (finding that trial court abused its discretion to extent it relied on new evidentiary materials seen for first time in reply brief); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 409-410 (1st Cir. 1985) (citing Rule 6, and holding that trial court

should not have considered new evidentiary material in affidavits where there was no opportunity to respond).

> **B.     Via the two affidavits, TFCCU added an additional 11 pages of evidence and argument, circumventing the 5 page limit on reply briefs.**

This Court has a strict (I "really" mean it) limit of five pages for a reply brief on a motion for summary judgment. TFCCU's affidavits from Ms. O'Gorman and Mr. Goldfogel constitute another 11 pages of what is effectively argument about the merits of Plaintiff's position and the righteousness of TFCCU's cause. *See e.g.* Goldfogel Aff. ¶ 8; O'Gorman Aff. ¶¶ 10-11. For this reason alone the affidavits should be stricken.

> **C.     Striking the Affidavits would not disserve the interests of justice because reply affidavits in support of summary judgment serve no purpose.**

Summary judgment can only be granted if there are no genuine issues of material fact and the issue can be decided as a matter of law. To the extent that TFCCU's reply affidavits seek to dispute facts contained in the Bank's Opposition papers, they serve no legitimate purpose and only reinforce the notion that there are disputed facts that preclude summary judgment. This truth has been recognized by commentators and courts. *See, e.g.,* Michael D. Moberly and John M. Fry, *Squandering the Last Word: The Misuse of Reply Affidavits in Summary Judgment Proceedings*, Vol. XV Suffolk J. of Trial and Appellate Advocacy 43, 71 ("In attempting to demonstrate the absence of material factual disputes, reply affidavits are distinctly immaterial."); *Gowdish v. Eaton Corp.,* No. C-78-295-G, 1981 WL 2041 (M.D.N.C. 1981) (noting submission of contrary affidavits points out existence of factual issues).

For this reason, striking TFCCU's reply affidavits will work no unfairness or injustice on the process. The Court should strike the two affidavits submitted in TFCCU's reply.

Dated: December 11, 2015			Respectfully submitted,


							*s/ N. Reid Neureiter*
							Scott S. Barker
							N. Reid Neureiter
							Benjamin I. Kapnik
							Wheeler Trigg O'Donnell LLP
							370 Seventeenth Street, Suite 4500
							Denver, CO  80202-5647
							Telephone:   303.244.1800
							Facsimile:    303.244.1879
							Email:  barker@wtotrial.com
							           neureiter@wtotrial.com
							           kapnik@wtotrial.com

							*Attorneys for Defendant*
							*Federal Reserve Bank of Kansas City*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 11th day of December, 2015, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's CM/ECF system.

- **Scott S. Barker**
  barker@wtotrial.com,hindinking@wtotrial.com,lorubbio@wtotrial.com

- **Benjamin Ira Kapnik**
  kapnik@wtotrial.com,purdy@wtotrial.com

- **Gabrielle Z. Lee**
  gabby@masonlawfirm.com

- **Mark Andrew Mason**
  mark@masonlawfirm.com

- **N. Reid Neureiter**
  Neureiter@wtotrial.com,brock@wtotrial.com

*s/ Karen L. Brock*
Karen L. Brock